UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GLICKSTEIN; G ASSET
MANAGEMENT,

                    Plaintiffs,

          -against-

DREW NADLER; ANGIE NADLER; HARRY
NADLER; LONGFORD ASSOCIATES,

                    Defendants.

20-CV-4058 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under Court's diversity jurisdiction, 28

U.S.C. § 1332, alleging "loss of compensation from intellectual property." By order dated June

5, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in

forma pauperis* ("IFP"). For the reasons set forth in this order, the Court dismisses the action, but

grants Plaintiff sixty days' leave to replead his claims.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see

Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff Michael Glickstein, a New York resident, invokes the Court's diversity

jurisdiction and brings this action against Drew Nadler, Angie Nadler, Harry Nadler, all of whom

are New York residents, and Longford Associates, LLC, which maintains its principal place of

business in New York. The following allegations are taken from the complaint, which is

confusing and appears to be incomplete.

Plaintiff is President and Chief Operating Office of G Asset Management, LLC, "an

investment firm focused on value-oriented public entities, special situation investing and real

estate." (ECF No. 2 at 5.) G Real Estate Partners was formed in June 2010, "for the primary

purpose of making investments in multi-family real estate and other real estate-related

opportunities." (*Id.*) Plaintiff asserts that it is through G Real Estate Partners "and other real

estate separate opportunities that [Defendants] choose [sic] to go around Mr. Glickstein and his

company on their real estate investments, including their first ever multifamily investments, G

Asset Management's favorite real estate sector, as previously described to the Nadler's and

Longford Associates." (*Id.*) After describing Mr. Glickstein's professional background, the

complaint describes the following several interactions between Plaintiff and the Defendants:

> October 6, 2009, G Asset Management. Lunch at Concept Capital, discussing real
> estate fund plans and time to buy real estate, specifically multifamily, brought
> together key contacts, including two interested senior board members (both had
> agreed to be on my real estate board), who were both NYU Stern Professors and
> included Drew Nadler, who was working in real estate for a brokerage firm at the
> time, I believe.

> September 20, 2009, Sent Drew and Angie Alfano Nadler real estate fund
> presentation. April 1, 2011 Drew attended private presentation on Chicago real
> estate deal, where I pounded the table on this being the time to buy real estate pre
> a meaningful recovery in real estate prices, which I was right in hindsight about
> and the deal ended up being a successful 29% irr deal for our clients, which
> excluded Drew and the Nadler family, despite his attendance at the meeting again,
> he still did not invest. February 24, 2011 Lunch with Drew where I convinced him
> to quit his job at Disney to buy real estate (but to do so by joining my firm as a
> partner, if he could bring in substantial assets to my firm so we could buy more
> real estate pre-recovery). By him investing substantially for his family and joining
> my company, I told him I believed it would likely lead to substantially more other
> business from new clients as well, who liked our deals and growth/improved size.
> June2011 estimated. Drew told me about his $4 or $5mn equity investment, I
> believe in an office deal in CT, so a $20mn estimated deal size is my guess. He
> took my advice soon after making the investment to quit his job and make real
> estate investing his full time job, be excluded me and my company from
> compensation for his deal, where he went big on it for him he told me or from his
> future multi-family deals. Oct. 30th, 2011, sent Drew an article on . . . .[1]

(*Id.* at 6.)

In another section of the complaint form (intended for a description of the relief sought

by a plaintiff), Plaintiff writes,

---

[1] The rest of the sentence and any remaining allegations are missing.

I had been wronged by the Nadler Family, including Harry Hadler, his father, who also didn't participate with me in anyway, but went big in multi-family for the first time with Drew following my pitching the sector to his multiple times in 2010, so both him and his firm have wronged me and my company substantially by depriving us of compensation.[2]

(*Id.*)

As relief for his injuries, Plaintiff seeks money damages,

of $500,000,000 or half of Drew Nadler, Angie Nadler, Harry Nadler and Longford's assets (net worth) owned by those three people of the company (including real estate, but equal weighted in liquid assets to the proportion they own those vs. illiquid one's based on their holdings of such so as to not get just overvalued real estate), which is a smaller of the $500mn or half of the couple and Harry's and Longford's owned assets (net worth), including half of GP stakes), so we can be good friend to them, leaving them still very rich despite what they have done to me and my life and my company's value is why we ask for the lesser of the two numbers.

(*Id.*)

## DISCUSSION

### A.    Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

---

[2] This portion of the complaint is also incomplete.

jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

## B.     Diversity Jurisdiction

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff invokes the Court's diversity jurisdiction, but he fails to allege facts demonstrating that the Court has diversity jurisdiction over this action. Plaintiff is a citizen of New York State. He alleges that Drew Nadler, Angie Nadler, and Harry Nadler are also residents of New York State, and that Longford Associates has its principal place of business in New York State.[3] Because complete diversity of citizenship is lacking, the Court lacks diversity jurisdiction over Plaintiff's claims.

## C.     Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that

---

[3] The citizenship of a limited liability corporation depends on the citizenship of its members. *See Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (holding that a limited liability corporation "takes the citizenship of each of its members" for diversity purposes). Plaintiff fails to identify the members of Longford Associates, LLC, and therefore fails to allege that it is a citizen of a different state for diversity purposes.

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff does not invoke the Court's federal question jurisdiction, and he fails to allege any facts suggesting that he can assert a federal claim.

**D.    Claims on Behalf of G Asset Management**

The Court must dismiss G Asset Management's claims. An association or other artificial entity, such as G Asset Management, cannot appear *pro se* in federal court; it can only appear with an attorney. *See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993) (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney); *Eagle Assocs. v. Bank of Montreal*, 926 F. 2d 1305, 1308-10 (2d Cir. 1991).

Moreover, as a *pro se* litigant, Plaintiff Glickstein cannot act on behalf of another. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). Plaintiff does not assert that he is an attorney. The Court therefore dismisses G Asset Management's claims without prejudice.

**LEAVE TO REPLEAD**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court is doubtful that Plaintiff can cure the deficiencies in the complaint, but because the complaint appears to be incomplete, the Court grants Plaintiff sixty days' leave to replead his claims.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. Plaintiff's amended complaint must also plead facts establishing that this Court has subject matter jurisdiction over his claims.

To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated;

when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

Plaintiff has consented to receive electronic service of Court filings. (ECF No. 3.)

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff sixty days' leave to replead his claims. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-4058 (LLS). An Amended Complaint form is attached to this order. If Plaintiff fails to submit an amended complaint within the time allowed and does not show good cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter.

SO ORDERED.

Dated:   June 29, 2020
         New York, New York

_Louis L. Stanton_
LOUIS L. STANTON
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____          ____ Civ. _____ ( ____ )
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*          **AMENDED**
                                                                          **COMPLAINT**

          -against-

_____          Jury Trial:  ☐ Yes        ☐ No
_____                         (check one)
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you*
*cannot fit the names of all of the defendants in the space provided,*
*please write "see attached" in the space above and attach an*
*additional sheet of paper with the full list of names. The names*
*listed in the above caption must be identical to those contained in*
*Part I. Addresses should not be included here.)*

I.      **Parties in this complaint:**

A.      List your name, address and telephone number. If you are presently in custody, include your
        identification number and the name and address of your current place of confinement. Do the same
        for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff       Name _____
                Street Address _____
                County, City _____
                State & Zip Code _____
                Telephone Number _____

B.      List all defendants. You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual. Include the address where
        each defendant may be served. Make sure that the defendant(s) listed below are identical to those
        contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions                ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

### III.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur?  _____

_____

_____

C.      Facts:  _____

_____

| What happened to you? |
|---|

_____

_____

_____

_____

| Who did what? |
|---|

_____

_____

_____

| Was anyone else involved? |
|---|

_____

| Who else saw what happened? |
|---|

_____

_____

_____

### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  _____

_____

_____

_____

_____

_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                    Signature of Plaintiff      _____

                    Mailing Address             _____

                                                _____

                                                _____

                    Telephone Number            _____

                    Fax Number *(if you have one)*   _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                    Signature of Plaintiff:     _____

                    Inmate Number               _____